EISENBERG & BAUM, LLP
24 UNION SQUARE EAST
NEW YORK, NY 10003
(212) 353-8700
ATTORNEYS FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

----------------------------------------------------------------

| | |
|---|---|
| TERESA BRAND, | **3:16-cv-00431-SMY-DGW** |
| Plaintiff, | |
| v. | |
| OTTAWA REGIONAL HOSPITAL AND HEALTHCARE CENTER d/b/a OSF SAINT ELIZABETH MEDICAL CENTER; OTTAWA REGIONAL MEDICAL CENTER, INC.; and OSF HEALTHCARE SYSTEM, | **PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND THE COMPLAINT** |
| Defendants. | |

----------------------------------------------------------------

Plaintiff Teresa Brand, through her undersigned counsel, hereby respectfully moves this

Court for leave to submit an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

BACKGROUND

Plaintiff is a deaf individual who initiated this lawsuit by filing a Complaint (Doc. 1) on April 18, 2016, against Defendants Saint Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis, and Hospital Sisters Health System (hereinafter collectively "St. Elizabeth's Hospital"). After learning that Defendants had no record of treating Plaintiff and investigating the matter further, Plaintiff sought leave of the Court to amend the Complaint in order to name the correct parties. See Doc. 10. On, August 15, 2016, the Court granted Plaintiff's Motion to Amend and Plaintiff filed her amended complaint on the same date. See Doc. 14. Plaintiff served the correct parties on August 26, 2016. Thereafter, Defendants' counsel contacted Plaintiff's counsel regarding the proper parties of the suit. After conferring with Defendants' counsel, Plaintiff learned based on representations by defense counsel the urgent care center visited by Plaintiff, as alleged in the amended complaint, is operated by OSF Multi-Specialty Group and that Defendant, Ottawa Regional Medical Center, Inc., is a business corporation that does not operate the hospital. After further discussion, the parties agreed that Plaintiff would seek leave to file a second amended complaint for the sole purpose of substituting OSF Multi-Specialty Group for Ottawa Regional Medical Center, Inc. Defendants do not object to Plaintiff's request to amend the complaint and have indicated that they will need only seven days after the second amended complaint is filed to answer.

Now, in the interests of justice, Plaintiff moves for permission to amend her Complaint to dismiss one Defendant, Ottawa Regional Medical Center, Inc., and to name OSF Multi-Specialty Group as the proper party.

ARGUMENT

**I.      The Court Should Grant Leave to Amend.**

As set forth above, Plaintiff served Defendants on August 26, 2016. Defendants sought leave of the Court for an extension of time to answer the complaint, which was granted, ordering Defendants to file responsive pleadings by October 14, 2016. As such, to date, Defendants have not responded to the Complaint. Since it has been more than 21 days since Plaintiff served the Amended Complaint, and since there are no responsive pleadings or motions that would otherwise allow for amendment as of right pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff now seeks leave of Court to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2), which directs that "[t]he court should freely give leave when justice so requires." Here, justice requires that Plaintiff be permitted to amend the Complaint to name the correct party so that her case can be resolved on the merits and for the amendment to relate back to the date when the original Complaint was filed. *See Joseph v. Elan Motorsports Technologies Racing*, 638 F. 3d 555, 558 (7th Cir. 2011).[1] As Plaintiff seeks this amendment before Defendants have filed an answer and as soon and Plaintiff and Defendants came to an agreement regarding substituting OSF Multi-Specialty Group for Ottawa Regional Medical Center, Inc, Plaintiff has not unduly delayed seeking leave to amend. Additionally, as Defendants themselves notified Plaintiff that OSF Multi-Specialty Group is the entity that operates the urgent care facility where Plaintiff was treated, Plaintiff's proposed amendment, substituting OSF Multi-Specialty Group for Ottawa Regional Medical Center, Inc., will not unduly prejudice Defendants. *See Durden v. Semafore Pharms., Inc.*, No. 1:10-cv-554-WTL-TAB, 2011 U.S. Dist. LEXIS 57575 (S.D. Ind. May 25, 2011).

---

[1] The Amended Complaint has been emailed to the judges of record pursuant to Local Civil Rule 15.1.

<u>CONCLUSION</u>

The Court should grant Plaintiff leave to submit her Amended Complaint, and should then transfer this action to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

EISENBERG AND BAUM, LLP
By: <u>/s/ Andrew Rozynski, Esq.            </u>
24 Union Square East, Fourth Floor
New York, NY 10003
(212) 353-8700

*Attorneys for Plaintiff*